**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PATRICK PIERSON** **PLAINTIFF**

**v.** **CASE NO. 4:26-CV-00937 BSM**

**NSMC-OPCP, LLC d/b/a**
**NATURAL STATE MEDICINALS CULTIVATION** **DEFENDANT**

**ORDER**

Plaintiff's motion for remand [Doc. No. 4] is denied.

Patrick Pierson alleges that NSMC violated the Americans with Disabilities Act ("ADA"), U.S.C. sections 12112 and 12203, and the Arkansas Civil Rights Act ("ACRA"). Compl. ¶¶ 29–40, Doc. No. 2. The case was removed because it involves a federal law, and there is supplemental jurisdiction over the state claim. *See* Doc. No. 1. Pierson moved to remand because NSMC cultivates marijuana and he argues that a federal court cannot provide a monetary remedy against an unlawful enterprise. Brief in Supp. of Pl.'s Motion to Remand at 7–15, Doc. No. 5. Pierson also seeks remand of his state claim even if the federal claim remains in this court. *Id.* at 16-17.

Pierson has standing to sue in federal court if he shows that (1) he "suffered an injury in fact"; (2) "the injury was likely caused by the defendant"; and (3) "the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Moreover, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And they have supplemental jurisdiction over claims that are so related to a case's federal law claim that

"they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Pierson has Article III standing because his ADA claim against NSMC is redressable herein. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (Redressability exists where it is"'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision.'"). Pierson's main argument is that this court cannot redress his claims because it cannot award money damages against NSMC because NSMC operates a business that violates federal law. Brief in Supp. of Pl.'s Motion to Remand at 7-15. The cases cited by Pierson are cases in which federal courts refused to enforce contracts that violated federal law. Brief in Supp. of Pl.'s Motion to Remand at 7-15. That, however, is not what Pierson is seeking. He is asking this court to award damages for NSMC's failure to comply with federal and state anti-discrimination laws, which this court is capable of doing.

If Pierson's position were correct, marijuana cultivators would be functionally immune from all federal employment discrimination, workers' compensation, and fair labor laws being enforced in federal court, and this is unsupported by Eighth Circuit precedent. *See Lucas v. Jerusalem Café, LLC*, 721 F.3d 927, 933 (8th Cir. 2013) ("Consistent with the principle that breaking one law does not give license to ignore other generally applicable laws, we affirm."); *see also United States v. Sullivan*, 274 U.S. 259, 263 (1927) (requiring a business violating federal prohibition laws to pay taxes); *Matthews v. Bloomworks Wellness, LLC*, 2026 WL 452368, at *4 (D. Md. Feb. 18, 2026) (compiling cases where federal courts forced illegal businesses to pay monetary damages after a finding of a violation of federal labor laws).

Finally, there is federal question jurisdiction because the ADA is federal law. *See* 42 U.S.C. § 12101 *et seq.* Supplemental jurisdiction also exists because the ACRA claim covers the same facts and legal principles as the ADA claim. *See* 28 U.S.C. § 1367(a); *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481 (8th Cir. 2002) (The Eighth Circuit "analyze[s] a disability claim presented under the ACRA using the same principles employed in analyzing claims under the Americans with Disabilities Act.").

IT IS SO ORDERED this 13th day of October, 2026.

UNITED STATES DISTRICT JUDGE